Paride Fondi, et ux.
vs. } Eq. No. 8839.
Thomas S. Luongo

May 31, 1929.

TANNER, J. This is a bill in equity in which the plaintiff seeks to set aside a conveyance of two lots of land and the buildings thereon because of the fraud of the respondent in procuring said conveyance to himself.

The plaintiff was engaged in business in Providence and became financially embarrassed, gave up the store, and moved to Lawrence, Mass. The two lots of land which he owned were subject to a first, second and, as to one parcel, a third mortgage. When the plaintiff moved to Lawrence he owed a number of debts and the property in question was attached by one creditor.

Before he left he had given a power of attorney to the respondent to collect the rents. After the plaintiff moved to Lawrence, he apparently paid no further attention to his property in Providence and taxes, and principal and interest on the various mortgages, became due and foreclosure was threatened by the third mortgagee. The respondent Luongo went to Lawrence and, according to the plaintiff's story, he gave him a blank deed of the property and authorized him to sell the property for not less than $15,500. The respondent claims, however, that he was not restricted to selling the property for $15,500, but that plaintiff told him he had no money to make the payments due on the property and that he, Luongo, should take the whole of the property and do what he could with it. Thereupon the respondent took another blank deed, which he claims he took for safety because he had mislaid the former deed in blank from the plaintiff, which he subsequently found and filled out with the name of the third mortgagee as grantee under an arrangement with the third mortgagee that he should take the deed as a mortgage and give back a deed to the respondent when he had paid the various bills on the estate; that the respondent has paid all the charges upon the estate and made various improvements besides, and that he obtained a deed to himself from the said third mortgagee.

Under the circumstances of the case, the plaintiff must prove the actual fraud which he alleges. We feel, however, upon consideration that the story of the respondent is as probable as that of the plaintiff but that the respondent holds such property subject to being redeemed by the plaintiff upon payment of all charges and an accounting of the rents. We cannot, however, grant relief under a bill alleging actual fraud unless we find that the fraud is clearly proved. We could grant relief

upon the other allegations of the bill if the respondent would consent, according to the statute applicable to such a case, to this disposition of it. We should think that it would be in the interest of all parties to do so. Unless, however, the respondent does consent we shall be obliged to dismiss the bill without prejudice to the bringing of another bill to obtain a redemption of the property.

For complainants: Pettine, Godfrey & Cambio.

For respondent: De Pasquale & Turano, Knauer & Fowler.